### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDY COYLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-09-09-D |
| ) | |
| VAN RU CORPORATION, ) | |
| ) | |
| Defendant. ) | |

### ORDER

On April 22, 2009, the Court conducted a hearing, pursuant to Fed. R. Civ. P. 16(f), for the purpose of permitting the plaintiff to show cause why this action should not be dismissed due to the failure of the plaintiff's counsel to comply with the Court's order directing the parties to submit a revised joint status report no later than April 15, 2009.  The hearing was scheduled by Enter Order of April 16, 2009 [Doc. No. 13].   In addition to notifying counsel for the parties via the Court's electronic filing and notification system, Court staff attempted to telephone the plaintiff's counsel on the morning of April 22.  No one answered the telephone, and there was no response to the message left by Court staff.    Although the Court waited approximately 15 minutes past the scheduled hearing time of 9:30 a.m. to begin the hearing, counsel for the plaintiff failed to appear. The hearing proceeded in her absence; the defendant's counsel, who traveled from Tulsa, Oklahoma, to attend the hearing, was present.

The Court explained the background leading up to the show cause hearing.  A status conference was held in this case on April 17, 2009; the conference was attended by counsel for the plaintiff and counsel for the defendant.  During the conference, the Court advised counsel that the Joint Status Report submitted in advance of the conference, as required by LCvR 16.1(a), was

defective and deficient. The Court noted that the Joint Status Report was not, in fact, joint because it did not reflect input by the defendant. Plaintiff's counsel stated that attempts to contact the defendant prior to the submission of the Joint Status Report were unsuccessful.

The Court also noted that the Joint Status Report, as submitted, contained very little helpful information and reflected minimal effort, even on the part of the plaintiff who prepared the report. The report was also submitted on the incorrect form, and its statement of contentions referenced parties who are strangers to the instant case.

Because of these deficiencies, the Court directed counsel to jointly submit a revised Joint Status Report, properly completed on the correct form, and to do so no later than the close of business on April 15, 2009. The Court advised the parties that, if a sufficient revised Joint Status Report were received, the parties would not be required to attend another status conference, and the Court would issue a scheduling order. The Court issued a Minute Order [Doc. No. 11] reflecting the deadline for the revised Joint Status Report.

On April 15, 2009, the deadline set by the Court, counsel for the Defendant submitted a Joint Status Report; however, the report contained only the defendant's input. Counsel for the defendant stated in the report that he had attempted to contact the plaintiff's counsel regarding the preparation of a revised joint report for submission on April 15.[1] However, he stated that he was unable to reach her and, in an effort to comply with the deadline, submitted the defendant's portion of the required report. The April 15 report submitted by the defendant's counsel is in the proper format and contains sufficient information regarding the defendant's contentions.

Because of the plaintiff's failure to comply with the Court's orders, the Court issued the

---

[1] According to the rules of this Court, arrangements for preparation of the Joint Status Report are the responsibility of the plaintiff's counsel. LCvR 16.1(a)(1).

order setting this show cause hearing. The order setting the hearing directed the plaintiff to appear and show cause why this action should not be dismissed pursuant to Fed. R. Civ. P. 16(f), and the Court also advised that additional sanctions, as set forth in Fed. R. Civ. P. 16(f)(2), would be considered at the hearing.

At the hearing, counsel for the defendant again stated that he had unsuccessfully attempted to contact the plaintiff's counsel prior to the April 15 deadline to confer regarding the preparation of the revised Joint Status Report. He also advised the Court that his office had checked and could locate no record reflecting that the plaintiff's counsel had called or sent an email before the deadline for submitting the original report prior to the April 7 status conference.

The Court announced at the hearing that, pursuant to Fed. R. Civ. P. 16(f)(1), which incorporates by reference Fed. R. Civ. P. 37(b)(2)(A) and the available sanctions listed therein, this action is dismissed without prejudice. The Court further stated that, pursuant to Fed. R. Civ. P. 16(f)(2), counsel for the plaintiff should be subject to the additional sanction of payment of the defendant's reasonable attorney fees and costs incurred in preparing the revised Joint Status Report and preparing for and attending the show cause hearing. The Court directed counsel for the defendant to submit the appropriate documentation to support the amount attributable to these matters. The Court advised that, upon receipt of that documentation, a written order would be filed.

Counsel for the defendant has submitted the required documentation with an application for costs and fees [Doc. No. 15]. Accompanying the application are the affidavit of counsel and billing records reflecting the hours incurred and the expenses associated with these matters. The Court has carefully reviewed these materials and concludes that the requested amount of $1,445.80 represents a fair and reasonable award of fees and costs incurred as a result of the failure of the plaintiff's

counsel to comply with the orders of this Court.

Accordingly, pursuant to Fed. R. Civ. P. 16, this action is DISMISSED without prejudice. In addition, the Court sanctions counsel for the plaintiff by directing her to pay to counsel for the defendant the sum of $1,445.80 as compensation for the reasonable fees and costs incurred as a result of the failure of the plaintiff's counsel to comply with this Court's orders. Said amount is to be paid personally by counsel for the plaintiff and shall not be assessed against the plaintiff.

IT IS SO ORDERED this  29th   day of April, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE